UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| TECHNOLOGY & INTELLECTUAL PROPERTY STRATEGIES GROUP PC,<br><br>Plaintiff,<br><br>v.<br><br>BASIL P. FTHENAKIS, *et al.,*<br><br>Defendants. | No. C 11-2373 MEJ<br><br>**ORDER RE: DKT. NOS. 55, 61, AND 77**<br><br>**ORDER OF REFERRAL** |

Before the Court are three motions filed by the parties: (1) Defendant's motion to file its first amended answer, counterclaim, and crossclaim; (2) Plaintiff's second motion for partial summary judgment against Defendant's California Labor Code Section 201 and 202 ("Section 201 and 202") counterclaims; and (3) Plaintiff's motion for preliminary injunction for Defendant to return and stop using its property. Dkt. Nos. 55, 61, and 77. The Court finds that these motions, discussed in order below, are suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

On May 13, 2011, Plaintiff (a law firm in Palo Alto) initiated this action against Defendant (a partner who had recently resigned from the firm).[1] Dkt. No. 1. In his answer, Defendant denied Plaintiff's allegations and asserted counterclaims for: (1) breach of employment contract; (2) violation of the California Labor Code; (3) breach of shareholders agreement; (4) conversion; and (5) declaratory relief. Dkt. No. 6. Plaintiff moved to dismiss each of these counterclaims on July 6. Dkt. No. 13. The Court denied this motion with respect to Defendant's first four claims, but granted Plaintiff's request to dismiss the declaratory relief claim because it was duplicative. Dkt. No. 29.

---

[1] The Court provided the factual background of this lawsuit in two previous decisions and will not restate that background here. *See* Dkt. Nos. 29 and 47. Material facts that are relevant to the pending motions will be discussed in the Court's analysis.

1    Plaintiff then moved for partial summary judgment to dismiss Defendant's Section 201 and
2 202 counterclaims since he had signed an employee termination form that expressly waived such
3 claims. Dkt. No. 38. In opposing this motion, Defendant filed a declaration contesting Plaintiff's
4 interpretation of the employee termination form and the agreement that the parties had reached. Dkt.
5 Nos. 41 and 42. Because there was a genuine dispute as to the terms of the parties' agreement, the
6 Court denied Plaintiff's motion for partial summary judgment on September 28, 2011. Dkt. No. 47.

7    On October 26, Plaintiff filed a motion for sanctions under FRCP 11 which argued that
8 Defendant's declaration was false and his Section 201 and 202 counterclaims should consequently be
9 dismissed. Dkt. No. 49. This motion was denied five days later. Dkt. No. 54. The Court explained
10 that determining whether Defendant's declaration contained false statements was a question of fact
11 that should be decided by a summary judgment motion or trial. *Id.*

12 **Defendant's Motion for Leave to Amend**

13    Defendant filed the present motion for leave to amend on November 4, 2011. Dkt. No. 56.
14 The material changes he proposes to make are: (1) adding counterclaims against two of Plaintiff's
15 partners (Paul Hickman and Glenn Von Tersch) for violating California Business & Professions Code
16 Section 17200 ("Section 17200") and breaching their fiduciary duty as shareholders; (2) adding a
17 counterclaim against Plaintiff for also violating Section 17200; (3) adding more factual allegations;
18 and (4) omitting the dismissed declaratory relief claim as well as any references to Section 201. Dkt.
19 No. 56-1. Plaintiff opposes any proposed amendments to Defendant's pleadings. Dkt. No. 62.

20    Under FRCP 15(a), a party "may amend its pleading only with the opposing party's written
21 consent or the court's leave," and the "court should freely give leave when justice so requires." The
22 policy of granting leave should be applied with "extreme liberality." *Eminence Capital, LLC v.*
23 *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). There are, however, several
24 grounds for denying leave to amend, including "the presence of bad faith on the part of the plaintiff,
25 undue delay, prejudice to the defendant, futility of amendment, and that the party has previously
26 amended the relevant pleading." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989
27 F.Supp. 1237, 1241 (N.D. Cal. 1997). "Once a party seeking leave to amend has given a legitimate
28

1 reason for amendment, the burden shifts to the party opposing amendment to demonstrate why leave
2 to amend should not be granted." *Id.*

3    Plaintiff argues that Defendant's motion for leave to amend was filed for improper purposes.
4 According to Plaintiff, Defendant is seeking leave to prevent the Court from granting Plaintiff's
5 second motion for partial summary judgment (which was filed six days after Defendant's motion for
6 leave to amend) and sanctioning Defendant for his false declaration. Dkt. No. 62. Plaintiff claims
7 that it was "sandbagged" by Defendant when he filed his motion for leave one day after being "too
8 busy" to respond to Plaintiff's proposed joint statement of undisputed facts. *Id.* at 3. Plaintiff also
9 contends that Defendant should have included the proposed amendments in his original counterclaim
10 and that granting leave at this juncture will be prejudicial and increase the costs of litigation. *Id.*

11   There is no merit to these arguments. In the parties' joint case management statement filed on
12 September 22, 2011, Defendant informed Plaintiff that he anticipated amending his counterclaim if
13 mediation was not successful. Dkt. No. 45. The parties participated in an unsuccessful mediation
14 session on October 5. Dkt. No. 48.  On October 28, Defendant e-mailed Plaintiff an early draft of the
15 proposed amendments and followed up with the current draft on October 31. Dkt. No. 56, Ex. B.
16 Accordingly, Plaintiff knew that Defendant was planning to amend his counterclaim before October
17 31 — the date that the Court denied Plaintiff's motion for sanctions and Plaintiff first e-mailed to
18 Defendant the proposed joint statement of undisputed facts in connection with its second motion for
19 partial summary judgment. While Defendant's delayed responses after receiving the proposed joint
20 statement may not have been professional, this does not constitute "sandbagging" since Plaintiff
21 already had sufficient notice about Defendant's intention to amend his counterclaim.

22   Granting leave to amend will also have no affect in determining whether Defendant's
23 previous declaration was false. The amended counterclaim will not change the fact that Defendant
24 filed the declaration, and the Court may always consider if Defendant's statements violated FRCP 11
25 as long as the issue is properly before the Court. Moreover, it appears that Defendant may be
26 excluding any references to Section 201 in his amended counterclaim because the statute only applies
27 to employees who have been discharged or laid off, while Section 202 applies to employees who
28

3

have resigned, like himself.  *Compare* Cal. Labor Code § 201 (titled "Immediate payment of wages upon discharge or layoff; treatment of related benefits") *with* Cal. Labor Code § 202 (titled "Immediate payment of wages upon resignation; treatment of related benefits").  Permitting such an amendment will therefore lower the costs of litigation since Plaintiff will no longer have to contest the Section 201 counterclaim.

Even though Defendant's proposed amendments could have been included in his original counterclaim, the policy to grant leave should be applied with "extreme liberality."  *See Eminence Capital,* 316 F.3d at 1051.  The Court considers that Defendant's request for leave to amend — his first — comes well before the December 26, 2011 cutoff for amending pleadings, the parties had not yet begun discovery (when the motion was made), and there is no compelling evidence that Defendant is acting in bad faith.  Plaintiff has also not shown that it would be unduly prejudiced if leave was granted.  Accordingly, Defendant's motion for leave to amend his answer, counterclaim, and crossclaim is **GRANTED**.

**Plaintiff's Second Motion for Partial Summary Judgment**

One of the arguments Plaintiff raises in opposing Defendant's motion for leave to amend is that the Court should dismiss the motion without prejudice so that it could first consider Plaintiff's second motion for partial summary judgment, which was filed six days later on November 10, 2011. Such an approach would contradict the Court's usual practice of allowing pleadings to be finalized before considering dispositive motions.  *See, e.g.*, *Cobb v. Brede*, Case No. 10-03907 (MEJ) (N.D. Cal. Nov. 11, 2011) (denying the defendant's motion to dismiss as moot because the plaintiff had filed an amended complaint that superseded the original complaint).  The Court sees no reason to abandon its usual practice under the circumstances presented here.

Furthermore, Plaintiff's second motion for partial summary judgment has other procedural problems.  First, Plaintiff does not inform the Court nor the Defendant of the specific grounds for its motion.  *See Katz v. Children's Hosp. of Orange Cnty.*, 28 F.3d 1520, 1534 (9th Cir. 1994) (the party seeking summary judgment always bears the responsibility of informing the Court and the opposing party of the specific grounds for its motion).  Instead, Plaintiff provides a list of undisputed and

4

disputed facts that it claims establish Defendant committed perjury and then appears to refer the Court to the arguments it made in its first motion for partial summary judgment. Dkt. No. 61. The Court declines this invitation to scour Plaintiff's briefs from two separate motions to determine the relief it seeks and the evidence that supports such relief.[2] Second, it is not clear whether Plaintiff's motion seeks summary judgment under FRCP 56, sanctions under FRCP 11, or reconsideration — which would be improper — of previous rulings made by the Court. *Compare* Dkt. No. 75 at 1 (Plaintiff explains that its motion raises the simple issue of "whether summary judgment should have been granted on TIPS Group's first motion for partial summary judgment [] as to Fthenakis' claims under the California Labor Code but for material false statements Fthenakis made in his declaration . . . .") *with* Dkt. No. 61 at 23 ("Fthenakis should be sanctioned for his perjury with the dismissal with prejudice of any claim by him under the California Labor Code"). Based on these reasons, Plaintiff's second motion for partial summary judgment is **DENIED**.[3]

Because the Court has not considered Plaintiff's motion due to the above problems, the Court **DENIES** Defendant's FRCP 56(g) request to find that certain facts are not in dispute. In his opposition, Defendant also makes a FRCP 56(f) request for partial summary judgment to be granted in his favor. This is **DENIED** since Defendant has not filed a summary judgment motion on these

---

[2] Plaintiff's reply, unlike the moving papers, provides some argument as to why Defendant's Section 201 and 202 counterclaims should be dismissed based on the facts presented by the second motion for partial summary judgment. The Court, however, does not consider these arguments since they were improperly raised for the first time in the reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

[3] The Court notes that its previous order denying Plaintiff's FRCP 11 motion for sanctions did not mean that Plaintiff should refile a similar motion under the guise that it was a summary judgment motion. *See* Dkt. No. 54. Rather, the Court was explaining that at this juncture there is a factual dispute preventing the Court from examining the veracity of Defendant's declaration. Plaintiff was free to file a motion for summary judgment, but only if such a motion could show that there was no genuine dispute as to any material facts. The motion that Plaintiff filed, regardless of what it is considered, still appears to suffer from the same fundamental problem: this has become a "he said, she said" dispute that should be resolved by the trier of fact and not by the Court attempting to determine what transpired by interpreting both parties' one-sided declarations.

grounds and Plaintiff has not had the opportunity to be fully heard on the issue.[4]

**Plaintiff's Motion for Preliminary Injunction**

The third motion before the Court is Plaintiff's motion for preliminary injunction that was filed on December 8, 2011. Dkt. No. 77. Plaintiff seeks an order from the Court requiring Defendant "to return all confidential and proprietary information and other property and restraining [Defendant] from continuing to use [Plaintiff's] confidential and proprietary information . . . ." *Id.* at 11. In his opposition, Defendant argues that a preliminary injunction is not warranted for multiple reasons, including that Plaintiff has failed to establish that it will suffer irreparable harm if an injunction is not granted. Dkt. No. 80 at 6.

To obtain a preliminary injunction, Plaintiff must establish that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[5] Plaintiff is required to do more than merely allege imminent harm; it must demonstrate it will suffer an immediate injury that is not speculative. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1998); *see also Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). An unreasonable delay

---

[4] Lastly, Defendant's request for this Court to issue an order to show cause as to why Plaintiff should not be sanctioned is **DENIED**. This Court is already concerned about the amount of motion practice that has been generated by this dispute. The solution to this is not to invite more motions to be filed but to move forward and resolve the case on its merits.

[5] Plaintiff argues that the standard for preliminary injunctions in the Ninth Circuit only requires the moving party to demonstrate "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor." Dkt. No. 77 at 5. But this standard was specifically rejected by the United States Supreme Court in *Winter*, and the Ninth Circuit has acknowledged that "to the extent that our cases have suggested a lesser standard [for preliminary injunctions], they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

in seeking a preliminary injunction "implies a lack of urgency and irreparable harm." *Miller v. Calif. Pacific Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (quoting *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)).

The Court agrees with Defendant and finds that Plaintiff has not established it will suffer irreparable harm without a preliminary injunction.[6] Defendant's last day of employment at the firm was February 15, 2011. Dkt. No. 1 ¶ 7. Plaintiff initiated this lawsuit against Defendant on May 13. Dkt. No. 1. Plaintiff, however, did not seek a preliminary injunction from this Court until December 8 — almost ten months after Defendant had resigned from the firm. This delay implies that Plaintiff did not consider that Defendant's alleged use of its property constituted irreparable harm which required urgent relief. *See Miller*, 991 F.2d at 544; *see also Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d. Cir. 1995) (denying a request for a preliminary injunction because the plaintiff waited nine months to commence the lawsuit and an additional four months before moving for an injunction) (citing *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 277 (2d. Cir. 1985) (the "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury") (internal citations omitted)).[7]

Plaintiff also fails to specifically demonstrate that it will suffer immediate injury that is not speculative. For instance, Plaintiff demands that Defendant stop using the copyrighted photograph of himself that was taken by Plaintiff, but it never explains how any continued use[8] will cause it immediate and irreparable harm or why any injury cannot be remedied later by an award of damages.

---

[6] Because Plaintiff has not established one of the required elements for obtaining a preliminary injunction (irreparable harm), the Court does not address the remaining elements.

[7] The trial in this matter is scheduled for September 24, 2012. Dkt. No. 46. If Plaintiff was willing to wait ten months before moving for a preliminary injunction, it can likely afford to wait another nine months for this dispute to be resolved.

[8] Defendant has testified that he stopped using the photograph on his website immediately after Plaintiff filed its complaint. Dkt. No. 80-1 ¶ 40. Plaintiff, however, points out that Defendant has used the photograph on another website. Dkt. No. 81-1 ¶ 18. It is therefore not clear whether the photograph is still being used in the public domain.

1  *See Aurora World, Inc. v. Ty Inc.*, 719 F.Supp.2d 1115, 1126 (C.D. Cal. 2009).  In support of its
2  request for Defendant to immediately return two corporate law manuals, Plaintiff only offers a
3  declaration from Paul Hickman who testifies that the firm's property has "unfairly benefitted
4  [Defendant] in that he has not had to spend the time and expense to independently develop similar
5  materials for his competing law practice." Dkt. No. 77-1 ¶ 9.  This too fails to specifically establish
6  that Plaintiff will be irreparably harmed without a preliminary injunction or that a subsequent
7  damages award would not rectify any potential injury.  With respect to Plaintiff's argument that
8  Defendant is using its clients to gain an advantage, Plaintiff again provides no evidentiary support for
9  this contention.  Because Plaintiff's arguments are based on conjecture and speculation, irreparable
10 harm has not been established.[9]  Based on this and Plaintiff's delay to seek a preliminary injunction,
11 its motion is **DENIED**.

12  Plaintiff further requests leave to file a motion to recover attorneys' fees in connection with its
13 motion for preliminary injunction. Dkt. No. 77 at 8.  Because Plaintiff did not prevail on this motion,
14 its request for leave to seek fees is also **DENIED**.   In any event, the Court does not intend to
15 entertain attorneys' fees requests in connection with each motion filed by the parties.  The
16 employment agreement between the parties (Dkt. No. 77-1, Ex. A) provides that the prevailing party
17 is entitled to recover attorneys' fees, but this determination cannot be made until the case is resolved.
18 *See, e.g.*, *Hsu v. Abbara*, 9 Cal.4th 863, 876 (1995) ("The prevailing party determination is to be
19 made only upon final resolution of the contract claims and only by a comparison of the extent to
20 which each party ha[s] succeeded and failed to succeed in its contentions") (internal quotations and
21 citation omitted).

22  The Court is troubled by the amount of litigation that has already been generated in this non-

---

[9] In its reply, Plaintiff introduces for the first time a letter from another law firm asking it to transfer a file that it claims is in Defendant's possession. Dkt. No. 81-1, Ex. A. But this letter is dated December 21, 2011 — 13 days after Plaintiff filed its motion for preliminary injunction. Therefore, it cannot be the basis for Plaintiff's argument that it will suffer irreparable harm. Any concerns about client files are also alleviated by the ethical rules for attorneys that both Plaintiff and Defendant are mandated to follow.

complex dispute between parties who are competent attorneys. The Court cautions Plaintiff and Defendant, as well as their counsel, that any contractual award of attorneys' fees at the conclusion of this case will take into account whether the prevailing party's billed hours were *reasonably expended* in the context of this litigation. *See, e.g.*, *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) ("The district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney"). The Court will not award fees for any hours that it deems "excessive or otherwise unnecessary." *Id.* at 1210.

**Conclusion**

For the reasons set forth above, (1) Defendant's motion for leave to amend its pleading is **GRANTED**; (2) Plaintiff's second motion for partial summary judgment is **DENIED**; and (3) Plaintiff's motion for preliminary injunction is **DENIED**.

Pursuant to Civil Local Rule 72-1, the parties are hereby ORDERED to appear before Magistrate Judge Joseph C. Spero for a settlement conference, which shall take place, if possible, by April 5, 2012.

**IT IS SO ORDERED.**

Dated: January 17, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

9